IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| TERRY:LAWRENCE-BENSON EL BEY, et al., | ◊ ◊ ◊ | |
| Plaintiffs, | ◊ ◊ | |
| vs. | ◊ ◊ ◊ | No. 10-2217-STA-cgc |
| PHIL BREDESEN, et al., | ◊ ◊ | |
| Defendants. | ◊ ◊ ◊ | |

_____

ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT
AND MOTION FOR SUMMARY JUDGMENT
ORDER OF DISMISSAL
AND
NOTICE OF APPELLATE FILING FEE

_____

On March 29, 2010, Plaintiffs Terry:Lawrence-Benson El Bey, Latosha-Latice:Williams El, and Marico-Deshun:Taylor El,[1] residents of Memphis, Tennessee, filed a pro se civil complaint against Tennessee Governor Phil Bredeson and City of Memphis Mayor AC Wharton. Plaintiff paid the civil filing fee. (Docket Entry ("D.E.") 1; D.E. 2.)

Plaintiffs complaint alleges that they have been stopped, detained, searched, and arrested by Memphis police officers despite their "right to travel unencumbered and unmolested" as "aboriginal Washitaw Moorish Missionaries aboriginal to the Land North America, North Gate Amexem, perpetual travelers in the United States of

_____

[1] The last two plaintiffs are listed on page 2 of the complaint.

America Republic, currently in city called Memphis, county called Shelby, state called Tennessee." (D.E. 1 at 2, 4.) They contend they are Jurist Missionaries of the Native Olmec Anasazi Almorocan Heritage ("NOAAH") Law Research Institute. (D.E. 1 at 1.) Plaintiffs seek gold and silver bars and expungement of any arrest records. (D.E. 1 at 9.)

Plaintiff's complaint is a pro se complaint subject to screening under 28 U.S.C. § 1915(e)(2),[2] which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also 28 U.S.C. § 1915A(b).

This District Court has issued an administrative order establishing a policy for the Clerk to follow in implementing § 1915(e)(2). That policy provides, in part, that it is:

> ORDERED that service not be issued upon the filing of a non-prisoner *pro se* complaint, pending review of the complaint's merit under 28 U.S.C. § 1915(e)(2). Section

---

[2] The United States Court of Appeals for the Sixth Circuit has issued an administrative order which states:
> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(articulating how district courts should apply the PLRA).

> 1915(e)(2) provides that whether or not a filing fee is paid, the court shall dismiss a case at any time upon the court's determination that any of the § 1915(e)(2) provisions are met.

Administrative Order No. 98-10.  Therefore, screening of pro se complaints must occur before process issues.  No process was issued in the case despite the answer filed by Defendant Wharton. Accordingly, Plaintiff's request for default is DENIED. Plaintiff's motion for summary judgment is also DENIED as premature. (D.E. 12.)

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). An exception to this general rule permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

The fact that a litigant is proceeding pro se or is a prisoner do not absolve him from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal

> pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 . . . (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 . . . (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 . . . (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

The first issue is whether this Court has subject-matter jurisdiction over this action. Federal courts are courts of limited

jurisdiction. <u>Finley v. United States</u>, 490 U.S. 545, 547-48 (1989); <u>Aldinger v. Howard</u>, 427 U.S. 1, 15 (1976); <u>Stillman v. Combe</u>, 197 U.S. 436 (1905); <u>Turner v. Bank of N. Am.</u>, 4 U.S. 8, 10 (1799). Federal courts are obliged to act <u>sua sponte</u> whenever a question concerning jurisdiction arises. <u>See, e.g.</u>, <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 287 n.10 (1938); <u>Ricketts v. Midwest Nat'l Bank</u>, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" <u>Id.</u>

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Plaintiffs invoke federal question jurisdiction as the source of jurisdiction for their claims. Plaintiffs cite: 28 U.S.C. § 1331, which grants the federal courts jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States and 28 U.S.C. § 1343, by which they presumably mean 28 U.S.C. § 1343(a)(3), which gives federal courts jurisdiction over actions

> [t]o redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of

5

> Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.[3]

Plaintiffs also rely on 18 U.S.C. §§ 241 and 242, which are federal criminal statutes. In general, criminal statutes do not give rise to a private cause of action and cannot be a basis for a private civil action. Walker v. Hastings, Civil No. 09-CV-074-ART, 2009 WL 2914402, at *4 (E.D. Ky. Sept. 4, 2009). There is no private right of action under 18 U.S.C. §§ 241 and 242. United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003); Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002); Duncan v. Cone, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000).

Even if it were proven that Plaintiffs' civil rights were violated, it does not follow that Governor Bredesen or Mayor Wharton would be liable for the violations. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 129 S. Ct. at 1948; see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Ashcroft, 129 S. Ct. at 1948.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least

---

[3] Plaintiff's reliance on 28 U.S.C. § 1343(a)(3) appears to be inconsistent with his position that he is an alien not subject to the laws of the United States or of the State of Tennessee.

Plaintiff also cites 28 U.S.C. § 345, but no such provision exists.

>     implicitly authorized, approved or knowingly acquiesced
>     in the unconstitutional conduct of the offending
>     subordinates.

Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996); see also George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

The complaint does not allege that Defendants Wharton and Bredesen, by their own actions, violated Plaintiff's rights. Defendant Bredesen is sued as the Governor of Tennessee and because he failed to respond to a certified letter Plaintiffs sent him in 2009 concerning their status and legal rights. (D.E. 1 at 2, 4.) Defendant Wharton is sued because he is "ultimately responsible for the actions, functions, and duties of the City of Memphis Police Department" and because Plaintiffs delivered and sent by certified mail a "copy of the Constructive Notice sent to Governor Bredesen." (D.E. 1 at 2, 4.)  Neither of these defendants can be sued on a theory of respondeat superior.

7

Plaintiffs claims that they are citizens of the "Washitaw Amerindian National Government" or the "Empire Washitaw" are factually frivolous. See, e.g., Bybee v. City of Paducah, 46 F. App'x 735, 736, 737 (6th Cir. 2002) (describing the "Nation of Washitaw" as "fictional" and noting that "Bybee's Nation of Washitaw affiliation identified him as [a] scofflaw"); Wilson v. Art Van Furniture, No. 99-2292, 2000 WL 1434690, at *1 (6th Cir. Sept. 19, 2000) ("Grayson El Bey was born in the United States, and presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire."); United States v. Gunwall, Nos. 97-5108, 97-5123, 1998 WL 482787, at *3 (10th Cir. Aug. 12, 1998) (district court did not err in striking criminal defendant's pleadings in which he claimed to be "a member of a sovereignty known as 'Washitaw de Dugdahmoundyah' over which the government has no jurisdiction" because the pleadings were frivolous); Davis v. United States, No. 10-cv-12021, 2010 WL 2836794, at *1 (E.D. Mich. July 19, 2010); United States v. Henley, No. 08-20384-6, 2010 WL 1438902, at *1-*2 (E.D. Mich. Apr. 9, 2010) (declining to dismiss federal criminal case because of defendant's purported status as a regional diplomat of the Washitaw Nation); El-Bey v. North Carolina Dep't of Health & Human Servs., No. 1:09CV693, 2010 WL 520877, at *2-*3 (M.D.N.C. Feb. 9, 2010) (report and recommendation); El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) ("It is well-settled that Plaintiff's contentions [that she is immune from the laws of the United States, including the tax laws, because she

8

is an 'indigenous Washitaw Naga Moor'] are utterly without merit and are an affront to the courts and to all other law-abiding, tax-paying Americans. Her claims are the most recent incarnation of a notorious organization of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws."). Defendant Wharton is not required to instruct the police to honor their "NOAAH" credentials, and Defendant Bredesen's failure to respond to Plaintiffs' letters outlining "Plaintiff[s] rights to travel in private conveyance[s] unmolested" does not bind any party.

Because these claims are inadequate to invoke this Court's subject matter jurisdiction, the complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3). Hagans, 415 U.S. at 536-37; Apple, 183 F.3d at 479.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiffs. If any Plaintiff files a notice of appeal, he or she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30)days of the filing of the notice of appeal.

By filing a notice of appeal a Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If that Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30)

days of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

      IT IS SO ORDERED this 6th day of December, 2010.

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE